IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:04-CR-35-1H

THOMAS KENDRICK WILSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on Thomas Wilson's motion to vacate pursuant to 28 U.S.C. § 1651(a), moving this court to issue a writ of error coram nobis vacating his conviction and dismissing the indictment in this matter. The government has responded in opposition, and petitioner has replied. This matter is, therefore, ripe for adjudication.

## BACKGROUND

On April 29, 2004, petitioner was charged in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 2, 2004, petitioner pled guilty, without a plea agreement, to the one count indictment. On November 2, 2004, this court sentenced petitioner to a term of imprisonment of 84 months. On July 5, 2011, after his release from incarceration, petitioner was arrested for a violation of his

supervised release. On August 11, 2011, this court revoked petitioner's supervised release and sentenced petitioner to a term of imprisonment of 12 months. Petitioner was released in July of 2012, and was no longer under supervision.

On May 29, 2015, petitioner filed the instant writ for error coram nobis, arguing that pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he was not convicted of a crime punishable by imprisonment for a term exceeding one year at the time of his offense and therefore is actually innocent of this § 922(g) offense. The government opposes the motion. While the government acknowledges that following Simmons, petitioner does not have a conviction from a crime punishable by imprisonment for a term exceeding one year (absent the offense at issue here), the government still argues the motion should be denied. The government bases this stance on petitioner's failure to offer a valid basis for failing to file his motion until more than three years had passed following the issuance of Simmons. Additionally, the government seems to believe petitioner has neither alleged nor demonstrated consequences arising from his conviction.

## COURT'S DISCUSSION

A writ of error coram nobis, authorized by 28 U.S.C. § 1651(a), affords the same general relief as a writ of habeas corpus but does not require that the petitioner be in custody. United States v. Morgan, 346 U.S. 502, 510-11 (1954). As the Supreme Court has noted, "the results of a wrongful conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." Id. at 512. Because of the collateral consequences of conviction, the writ of error coram nobis is available to a petitioner after his release from custody. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988).

> While historically this common law writ was used to correct fundamental errors of fact, Mandel recognized that the writ may also be issued to correct fundamental errors of law. Such an error may occur when a significant change in the law following a conviction means that the defendant was convicted for conduct that is no longer illegal.

United States v. Interstate Gen. Co., L.P., 39 F. App'x 870, 873 (4th Cir. 2002)(internal citations omitted).

Wilson contends, and the government does not dispute, that his prior convictions no longer qualify as predicate felonies for purposes of his conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Therefore, Wilson argues, he is actually innocent of the offense and his conviction must be vacated. The

3

court has reviewed the record in this case and agrees there is no evidence of prior convictions that would qualify as predicate offenses for petitioner's conviction in this case.

Interestingly though, the government opposes Wilson's motion, arguing that Wilson has failed to meet two of the four "essential prerequisites" required to succeed on a coram nobis request.

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his conviction; third, the consequences flowing to the petitioner from his conviction must be sufficiently adverse to satisfy Article III's case or controversy requirement; and finally, the error that is shown must be "of the most fundamental character."

Bereano v. United States, 706 F.3d 568, 576 (4th Cir. 2013) (internal citations omitted).

Mr. Wilson has responded, through counsel, giving ample evidence that he has met the second and third prerequisites. First, Wilson notes that because of the timing of his revocation hearing, six days before Simmons was issued, the Office of the Federal Public Defender never reviewed Wilson's case for relief pursuant to Simmons. It was only upon Wilson being indicted on a new federal case on March 18, 2015, that counsel determined that Wilson qualified for relief based upon Simmons.

As to prerequisite three, the court finds consequences from his conviction to be sufficiently adverse to satisfy Article III's case or controvery requirement. In addition to the serious

4

consequences that flow from every federal felony conviction, Wilson's prior record level and criminal history score affect his sentencing in other cases, including the criminal history points in a conviction for which Wilson was recently sentenced. <u>See</u> <u>United States v. Wilson</u>, 4:15-CR-22-1B0.

Finding that Wilson has satisfied all the necessary prerequisites to succeed on his coram nobis request and finding that Wilson is actually innocent of the conviction he seeks to vacate, the court hereby grants petitioner's motion and VACATES the judgment of November 2, 2004.

### **CONCLUSION**

For the foregoing reasons, the court GRANTS his motion for a writ of error coram nobis [DE #33] and hereby VACATES this court's November 2, 2004, judgment of conviction.

This 16th day of May 2016.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26